## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ANTHONY BRISTOW             :
1132 Anchor Street             :
Philadelphia, PA 19124         :
                                     :
*individually and on behalf of all others*   :
*similarly situation*               :     CIVIL ACTION NO. _____
                                     :
           Plaintiff,          :     **JURY TRIAL DEMANDED**
                                     :
           v.                      :
                                     :
1 HEART HOME HEALTH CARE LLC   :
6611 Frankford Avenue         :
Philadelphia, PA 19135         :
                                     :
           Defendant.        :

---

### COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Anthony Bristow ("Plaintiff"), individually and on behalf of all others similarly situated, hereby brings this action against Defendant 1 Heart Home Health Care LLC ("Defendant") and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this Complaint on behalf of himself and others similarly situated contending that Defendant has improperly failed to pay overtime compensation to its Full-Time Home Health Aids pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.*

2.     Plaintiff is a former employee of Defendant where he worked as a Full-Time Home Health Aid. During the course of his employment, Plaintiff, and upon information and

belief, all other Full-Time Home Health Aids were classified by Defendant as "exempt" from the overtime requirements of the FLSA and PMWA and were compensated at their regular rate of pay for all hours worked in excess of forty (40) hours per work week.

3.       Due to Defendant's aforesaid unlawful payroll practices, Plaintiff, and, upon information and belief, other similarly-situated Full-Time Home Health Aids, were not compensated for all hours worked in excess of forty (40) hours per work week at a rate of 1.5 times their regular rate of pay.

4.       Plaintiff, and upon information and belief, all other similarly-situated Full-Time Home Health Aids, are/were not eligible for the exemptions for executive, administrative, or professional employees under the FLSA and PMWA.

5.       Plaintiff, and, upon information and belief, all other similarly-situated Full-Time Home Health Aids, were misclassified as exempt under the FLSA and PMWA, and thus were denied overtime compensation at a rate not less than 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

6.       Plaintiff brings this action for monetary damages, declaratory and injunctive relief, and other equitable an ancillary relief, to seek redress for Defendant's willful, unlawful and improper conduct.

## JURISDICTION AND VENUE

7.       This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

8.       This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal law claims.

10.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant's place of business is located in this district, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## PARTIES

11.     Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12.     Plaintiff Anthony Bristow is a citizen of the United States with a current address of 1132 Anchor Street, Philadelphia, PA 19124.

13.     Defendant 1 Heart Home Health Care LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a registered business address of 6611 Frankford Avenue, Philadelphia, PA 19135.

14.     Defendant is a "private employer" and covered by the FLSA.

15.     Upon information and belief, Defendant does at least $500,000.00 of business annually.

16.     Plaintiff is a former employee of Defendant within the meaning of the FLSA and PMWA and, as such, is entitled to the protections of those statutes.

17.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     Paragraphs 1 through 17 are hereby incorporated by reference as though the same were fully set forth at length herein.

3

19.     This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

20.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Full-Time Home Health Aid who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (the members of the putative class are hereinafter referred to as the "Class Plaintiffs").

21.     Plaintiff estimates that there are several other Full-Time Home Health Aids who either were or are working for Defendant and were unlawfully denied overtime compensation for hours worked in excess of forty (40) in a workweek. The precise number of employees can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

22.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all the class members are similarly situated. Plaintiff and other similarly situated employees were similarly not paid an overtime premium for hours worked in excess of forty (40) in a workweek, had the same job classification and/or job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant failed to pay Class Plaintiffs an overtime premium

4

for all hours worked over forty (40) hours in a workweek, have affected Plaintiff and Class
Plaintiffs in the same fashion.

23.    Plaintiff will request that the Court authorize notice to all current and former
similarly situated employees employed by Defendant, informing them of the pendency of this
action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of
seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

24.    Paragraphs 1 through 23 are hereby incorporated by reference as though the same
were fully set forth at length herein.

25.    Plaintiff brings this action individually, and on behalf of the following state-wide
class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil
Procedure:

> All persons presently or formerly employed by Defendant 1 Heart Home Health Care
> LLC at any point during the past three (3) years in the position of Full-Time Home
> Health Aid who were denied overtime compensation for work performed in excess of
> forty (40) hours in a workweek ("Class Plaintiffs").

26.    The members of the class are so numerous that joinder of all members is
impractical. Class members may be informed of the pendency of this Class Action by direct
mail.

27.    Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law
and fact common to the Class, including, but not limited to:

A.    Whether Plaintiff and the Class are entitled to overtime compensation for
services rendered in excess of forty (40) hours per week under the PMWA;

    B.  Whether Defendant was required to count the work performed by Plaintiff and the Class outside their nominally scheduled hours toward their total hours worked for purposes of calculating overtime compensation under the PMWA;

    C.  Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

    D.  Whether Plaintiff and the Class worked in excess of forty (40) hours per week;

    E.  Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

    F.  Whether Plaintiff and the Class were misclassified as "exempt" from overtime compensation under the PMWA.

  28.  Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Full-Time Home Health Aid who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

  29.  Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

  30.  Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

  31.  Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

32.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

7

## FACTUAL BACKGROUND

33.     Paragraphs 1 through 32 are hereby incorporated by reference as though the same were fully set forth at length herein.

34.     Plaintiff first began his employment with Defendant on or about December 20, 2018, in the position of Home Health Aid.

35.     Plaintiff's primary job duties, and, upon information and belief, those of Defendant's other Full-Time Home Health Aids, were/are the provision of home health care for patients, getting them their drinks and snacks, giving them medication, and performing generalized home assistance.

36.     Plaintiff and Class Plaintiffs provide the aforementioned services on a schedule determined by Defendant, who instructs Plaintiff and Class Plaintiffs where and when to report to work.

37.     Plaintiff and Class Plaintiffs are required to perform the aforementioned work in accordance with certain specific guidelines, protocols, and trainings provided by Defendant, which act to restrict Plaintiff's and Class Plaintiffs' discretion in the performance of their tasks.

38.     Plaintiff's, and, upon information and belief, Class Plaintiffs', scheduled work hours were/are approximately ten (10) hours per day, for five (5) days per week. Accordingly, Plaintiff, and, upon information and belief, Class Plaintiffs, typically worked, on average, approximately fifty (50) hours per week.

39.     By way of example, during the work period of January 7, 2019 through January 11, 2019, Plaintiff worked approximately fifty-one (51) hours.

40.     Critically, Plaintiff, and, upon information and belief, Class Plaintiffs', was/are not compensated at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) hours for each work week.

41.     Rather, Plaintiff, and, upon information and belief, Class Plaintiffs', was/are compensated at their regular rate of pay for the approximately ten (10) hours of overtime worked.

42.     Despite working, on average, at least ten (10) hours of overtime per week, Plaintiff did not receive overtime compensation at rate of 1.5 times his regular rate of pay.

43.     Plaintiff, and upon information and belief, other similarly-situated Full-Time Home Health Aids employed by Defendant, regularly worked in excess of forty (40) hours per week.

44.     Defendant had knowledge that Plaintiff, and, upon information and belief, other similarly-situated Full-Time Home Health Aids, were performing work in excess of forty (40) hours per week.

45.     Indeed, Plaintiff, and, upon information and belief, Class Plaintiffs', was/are directed by Defendant's management, when he, and, upon information and belief, other similarly-situated Full-Time Home Health Aids employed by Defendant, were to report to work and when to leave work.  Thus, Plaintiff, and, upon information and belief, other similarly-situated Full-Time Home Health Aids were forced to work in excess of forty (40) hours without being compensated at a rate of 1.5 times their regular rate of pay.

46.     Accordingly, Plaintiff and Class Plaintiffs did/do not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

9

47.     Plaintiff, and, upon information and belief, Class Plaintiffs did/do not have the authority to hire, fire, or discipline other employees of Defendant, nor did/do they make recommendations with respect to employee status changes to which Defendant lends substantial weight.

48.     As a result, Plaintiff and Class Plaintiffs did/do not satisfy the duties requirements for the exemption for executive employees under the FLSA/PMWA.

49.     Plaintiff and Class Plaintiffs did/do not perform work directly related to Defendant's management or general business operations, nor did/do they exercise discretion or independent judgment regarding matters of significance to Defendant.

50.     Accordingly, Plaintiff and Class Plaintiffs did/do not meet the duties requirements for the exemption for administrative employees under the FLSA/PMWA.

51.     Plaintiff's and Class Plaintiffs' primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction.  In this regard, Plaintiff's and Class Plaintiffs' job duties does not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.  Rather, Plaintiff and Class Plaintiffs are required to perform their job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendant.

52.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for learned professionals under the FLSA/PMWA.

53.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

54.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation at a rate of 1.5 times their regular rate of pay for all hours they worked over forty (40) in a workweek.

55.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

56.     Paragraphs 1 through 55 are hereby incorporated by reference as though the same were full set forth at length herein.

57.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

58.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

59.     Defendant had and maintained an actual practice of compensating Plaintiff and Class Plaintiffs on an hourly basis for all hours worked for each work week. As a result, Defendant was not entitled to claim the executive, administrative, or professional exemptions from overtime in order to avoid paying overtime to Plaintiff and Class Plaintiffs.

60.     As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

61.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

62.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

63.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A.      An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant 1 Heart Home Health Care LLC during the last three (3) years in the position of Full-Time Home Health Aid who were denied overtime compensation at a rate of 1.5 times their regular rate of pay for work performed in excess of forty (40) hours in a workweek ("Class Plaintiffs") and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation at a rate of 1.5 times their regular rate of pay to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiffs and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

64.     Paragraphs 1 through 63 are hereby incorporated by reference as though the same were fully set forth at length herein.

65.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

66.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one- and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

67.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay Plaintiff and Class Plaintiffs overtime compensation at a rate of 1.5 times their regular rate of pay for all hours work.

68.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, pray for judgment against Defendant as follows:

A.      An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and their counsel as class counsel;

B.      An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.      An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.      An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:

Benjamin Salvina, Esquire
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
bsalvina@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiffs*

Dated:   November 6, 2019

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.